**EXHIBIT "A"**

Electronically Filed
6/4/2021 4:49 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
MICHAEL R. BRUNET, ESQ.
Nevada Bar. No. 8004
SGRO & ROGER
720 South Seventh Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
jarledge@sgroandroger.com
mbrunet@sgroandroger.com
*Attorneys for Plaintiff*

CASE NO: A-21-835781-C
Department 14

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| NIKKI C. BIRZON, | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| v. | **COMPLAINT** |
| CHRISTOPHER TASCA, | |
| Defendant. | |

COMES NOW Plaintiff, NIKKI C. BIRZON, by and through her attorneys, JENNIFER WILLIS ARLEDGE, ESQ., and MICHAEL R. BRUNET, ESQ., of the law firm of SGRO & ROGER, and for claims against the Defendant, CHRISTOPHER TASCA, alleges as follows:

### GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff NIKKI C. BIRZON was and is a resident of Clark County, State of Nevada, and the events described herein occurred in Clark County, Nevada.

2. On information and belief, Defendant CHRISTOPHER TASCA, at all times relevant hereto was and is a resident of Providence County, State of Rhode Island.

3. The events complained of herein occurred on or about January 18, 2020, in Clark County, Nevada.

4. Jurisdiction is proper in this matter as Defendant purposefully availed himself of the privilege of conducting activities in Nevada when he committed an assault and battery in Clark County, State of Nevada. Defendant was charged criminally with "battery by strangulation," and "battery" in case number 20-CR-012516, for the attack on Plaintiff.

5. Jurisdiction is proper in this matter as Plaintiff's claims against Defendant arise from Defendant's activities that took place in the State of Nevada.

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, restates, and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

7. On or about January 18, 2020, Plaintiff attended a UFC fight in Las Vegas with Defendant and two other persons.

8. After the fight ended, Plaintiff, Defendant, and their friends went back to Defendant's room at Wynn Las Vegas, where the four individuals continued to socialize amicably and become acquainted with one another.

9. Later that evening, Plaintiff began feeling unwell and decided to leave at which time Defendant became angry and began verbally abusing Plaintiff.

10. Defendant suddenly and without warning attacked Plaintiff from behind, violently and savagely beating and choking Plaintiff, threatening to kill her, and preventing Plaintiff from leaving the hotel suite.

11. As a result of the heinous assault, Plaintiff experienced significant bodily injuries and mental anguish and suffering from both the brutal beating and terrifying ordeal she endured at the hands of Defendant.

12. Said injuries have caused Plaintiff significant pain and suffering, resulted in lost income, limited her participation in normal day-to-day activities, and have required continued medical treatment.

13. As a direct and proximate result of Defendant's violent attack, Plaintiff suffered severe and serious personal injuries to the body, including but not limited to, her head, neck, face, torso, and extremities.

14. As a direct and proximate result of said injuries, Plaintiff received treatment and engaged the services of physicians to care for and treat her. Said injuries have caused Plaintiff severe pain and suffering, likely permanent injuries, potentially requiring Plaintiff to seek ongoing treatment.

## FIRST CLAIM FOR RELIEF
## ASSAULT & BATTERY

15. Plaintiff repeats, restates, and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

16. Defendant, through the acts described herein, made an intentional attempt to threaten Plaintiff with bodily harm and actually used force to cause bodily harm against Plaintiff.

17. Plaintiff had a reasonable apprehension that Defendant was going to cause physical harm or that physical violence was imminent prior to being physically harmed.

18. Defendant's use of force against Plaintiff was harmful and offensive and Plaintiff did not consent to Defendant's use of force.

19.  The acts and conduct of Defendant described herein in attacking, choking, punching, and threatening to kill Plaintiff were all committed without legal justification or the consent of Plaintiff, and as such constitute an assault and battery upon Plaintiff.

20.  Defendant's acts constitute oppression, fraud or malice, and entitle Plaintiff to an award of damages for the sake of example and by way of punishing the defendant.

21.  As a direct and proximate result of the incident, Plaintiff suffered personal injuries to her body, including, but not limited to her head, neck, face, torso, and extremities.

22.  As a direct and proximate result of said injuries, Plaintiff received treatment and engaged the services of physicians to care for and treat her. Said injuries have caused Plaintiff severe pain and suffering, likely permanent injuries, potentially requiring Plaintiff to seek ongoing treatment.

23.  As a direct and proximate cause of the assault and battery by the Defendant, Plaintiff was caused to lose time and income from her employment, and will in the future miss time and lose income as a result of her injuries and damages all to her special damages.

24.  Plaintiff has been required to retain the services of the law firm of SGRO & ROGER to prosecute this action and, therefore, is entitled to reasonable attorney's fees and costs.

### SECOND CLAIM FOR RELIEF
### FALSE IMPRISONMENT

25.  Plaintiff repeats, restates, and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

26.  The acts and conduct of Defendant described herein restricted Plaintiff's freedom to move, prevented her from leaving the hotel suite, and were committed without legal justification or the consent of Plaintiff, and as such constitute a false imprisonment of Plaintiff.

27. Defendant's acts constitute oppression, fraud or malice, and entitle Plaintiff to an award of damages for the sake of example and by way of punishing the defendant.

28. As a direct and proximate result of the incident, Plaintiff suffered personal injuries to her body, including, but not limited to her head, neck, face, torso, and extremities.

29. As a direct and proximate result of said injuries, Plaintiff received treatment and engaged the services of physicians to care for and treat her. Said injuries have caused Plaintiff severe pain and suffering, likely permanent injuries, potentially requiring Plaintiff to seek ongoing treatment.

30. As a direct and proximate cause of the assault and battery by the Defendant, Plaintiff was caused to lose time and income from her employment, and will in the future miss time and lose income as a result of her injuries and damages all to her special damages.

31. Plaintiff has been required to retain the services of the law firm of SGRO & ROGER to prosecute this action and, therefore, is entitled to reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff repeats, restates, and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

33. Defendant's conduct in attacking Plaintiff was extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

34. In addition to physical injuries, Plaintiff suffered severe or extreme emotional distress as a result of Defendant's conduct.

35. Defendant's acts constitute oppression, fraud or malice, and entitle Plaintiff to an award of damages for the sake of example and by way of punishing the defendant.

36. As a direct and proximate result of the incident, Plaintiff suffered personal injuries to her body, including, but not limited to her head, neck, face, torso, and extremities.

37. As a direct and proximate result of said injuries, Plaintiff received treatment and engaged the services of physicians to care for and treat her. Said injuries have caused Plaintiff severe pain and suffering, likely permanent injuries, potentially requiring Plaintiff to seek ongoing treatment.

38. As a direct and proximate cause of the assault and battery by the Defendant, Plaintiff was caused to lose time and income from her employment, and will in the future miss time and lose income as a result of her injuries and damages all to her special damages.

39. Plaintiff has been required to retain the services of the law firm of SGRO & ROGER to prosecute this action and, therefore, is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF, expressly reserving her right to amend this Complaint to include all parties and items of damage not yet ascertained, demands judgment against Defendant, as follows:

1. For past and future medical expenses in excess of $15,000;

2. For past and future loss of earnings and earning capacity;

3. For past and future pain and suffering and loss of enjoyment of life in excess of $15,000.00;

4. For an award of punitive damages;

-6-

5. For interest as provided by law;

6. For an award of reasonable attorney's fees and costs of suit; and

7. For such other and further relief as the Court may deem just and proper.

DATED this 4th day of June, 2021.

SGRO & ROGER

*[signature]*

JENNIFER WILLIS ARLEDGE, ESQ.
Nevada Bar No. 8729
MICHAEL R. BRUNET, ESQ.
Nevada Bar. No. 8004
720 South Seventh Street, 3rd Floor
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*